UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-mj-04221-AOR

UNITED STATES OF AMERICA,

v.

HECTOR JULIO JIMENEZ CARABALLO,
ALBERTO PEGUERO,
ROBERTO PERALTA IBARRA, and
VICTOR VAZGUE DIAZ,

      **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  __ Yes  X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes  X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  __ Yes  X  No

                Respectfully submitted,

                JUAN ANTONIO GONZALEZ
                UNITED STATES ATTORNEY

BY:  /s/ Yvonne Rodriguez-Schack
       YVONNE RODRIGUEZ-SCHACK
       Assistant United States Attorney
       Southern District of Florida
       Florida Bar No.: 794686
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       305.961.9014
       305.536.7213 Facsimile
       Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>HECTOR JULIO JIMENEZ CARABALLO,<br>ALBERTO PEGUERO, ROBERTO PERALTA<br>IBARRA, and VICTOR VAZGUE DIAZ,<br><br>*Defendant(s)* | Case No. 1:21-mj-04221-AOR |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __November 1, 2021__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

HSI SA Giovanni J. Menocal
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime.

Date: 11/15/21

*Judge's signature*

City and state: Miami, Florida

Alicia M. Otazo-Reyes, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Giovanni Menocal, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed since August 2020. I am presently assigned to the Office of the Special Agent in Charge Miami, Florida, where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels. As a Special Agent with HSI, I have participated in narcotics investigations involving physical and electronic surveillance, assisting with the control and administration of confidential sources, the importation of narcotics, and domestic drug organizations. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

2. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause to arrest Hector Julio JIMENEZ CARABALLO, Alberto PEGUERO, Roberto PERALTA IBARRA, and Victor VAZGUE DIAZ for violating Title 46, United State Code, Sections 70503(a)(1) and 70506(b), to wit, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this Affidavit is based on my personal knowledge, as well as information obtained from other law enforcement personnel.

3. On or about November 1, 2021, while on patrol in the Caribbean Sea, His/Her Netherlands Majesty's Ship ("HNLMS") HOLLAND's helicopter detected a go-fast vessel (GFV) approximately 100 nautical miles north of Guarjira, Colombia, in international waters and upon the high seas. The GFV had four individuals on board and contained visible fuel barrels and packages on deck. Suspecting the vessel of drug smuggling, the HNLMS HOLLAND, which was in the area with an embarked United States Law Enforcement Detachment team, was diverted to investigate. A Statement of No Objection for a Right of Visit Boarding was granted. Upon counter detection of the helicopter, the GFV's crew was observed jettisoning packages at two locations.

4. HNLMS HOLLAND launched a smaller vessel with a United States Boarding Team on board. Upon arrival of the boarding team, positive control of the GFV and the crew was obtained without the utilization of any use of force. Four individuals on board the GFV were later identified as Hector Julio JIMENEZ CARABALLO, Alberto PEGUERO, Roberto PERALTA IBARRA, and Victor VAZGUE DIAZ. JIMENEZ CARABALLO made a verbal claim of Dominican nationality for the vessel. Based on this claim, the Government of the Dominican Republic was contacted and advised they could neither confirm nor deny the nationality of the vessel. Based on the Government of the Dominican Republic's response, the vessel was treated as one without nationality and therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

5. The boarding team located a total of nine (9) bales on board the vessel which field tested positive for the presence of cocaine. A total of two-hundred-and-thirty-seven (237) kilograms of cocaine was recovered on board the vessel. A search of the two

2

debris fields yielded negative results. None of the bales which the individuals had been observed jettisoning were recovered. All four individuals, along with the cocaine, were subsequently transferred to the HNLMS HOLLAND.

6. On November 15, 2021, the USCG brought Hector Julio JIMENEZ CARABALLO, Alberto PEGUERO, Roberto PERALTA IBARRA, and Victor VAZGUE DIAZ to the Southern District of Florida where custody of them was transferred to federal law enforcement officers.

7. Based on the foregoing facts, I submit that probable cause exists to believe that, Hector Julio JIMENEZ CARABALLO, Alberto PEGUERO, Roberto PERALTA IBARRA, and Victor VAZGUE DIAZ did knowingly and willfully conspire to possess with the intent to distribute a controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

GIOVANNI J. MENOCAL
Special Agent
Homeland Security Investigations

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 15th day of November, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

3